Good morning, and may it please the Court, Anthony Bordenstein for the Appellant, Michael Smith. Your Honors, in Nitschke v. Bilek, decided just last year, this Court addressed the requirements for a finding of procedural default where a petitioner has raised his Federal constitutional challenge in the State's Appellate Court as plain error, and the Court has affirmed the convictions. This Court held that where there is a clear and expressed statement by the State Appellate Court basing its decisions on State procedural law, the claim is defaulted. In Mr. Smith's case, he raised his Federal constitutional Crawford challenge in the State Appellate Court as plain error, and there is an utter lack of clear clarity or expressed statement in the State's Appellate Court's decision. It's not affirmed. It said — well, it said — it addressed each of his claims collectively in one line that said, we reject Mr. Smith's challenges to his conviction — his arguments without discussion. So he — But I thought that order was vacated. Well — It was withdrawn by a subsequent order. That's simply still affirmed. What happened with that later litigation, Your Honor, is that the State appealed the finding of plain error as to the sentencing error, and the Court later withdrew its decision finding plain error as to the sentencing and affirmed that decision — and affirmed the sentence, rather. Well, it also issued a second order that just simply said his claims on the merits with respect to his conviction are rejected. Correct? It rejected the arguments. Right. So that replaced the order that said rejected without discussion, and the wages simply have what it says rejected. And that former line is the only one that addresses the convictions. Your position, I take it, is that no matter which of the two orders is operative, they didn't discuss the merits? I'm sorry, Your Honor? Your position is that they simply didn't discuss the merits without regard to which of the two decisions is operative? Right. In either one, there's just an utter lack of expression as to the basis for the Court's ruling. But you're not contending, as I understand it, that by talking about the merits or whatever the terminology was, that they were saying that they weren't procedurally defaulted. You're just saying it was a vacuum. Right. There's an ambiguous and unstatement. You're not reading it as unambiguously reaching the merits. It's a completely ambiguous statement as to the basis for the affirmance of the convictions. And notably, Your Honor How can we read this as a ruling on the merits? Why isn't it far more plausibly read as a procedural default? The Oregon courts have made it clear that the State courts have made it clear that they seldom find plain error. It's very rare. There's no indication at all here they're departed from their normal practice. Well, here is the indication, Your Honor. I would like to contrast the way the Court reached this particular claim with one that is cited in the State court's brief. Page 15 of their brief, the State cites State v. Jensen, where there was a confrontation challenged, again, as plain error in the appellate courts. The Court in that case said, we must first address as a threshold matter whether or not we should reach the claim. We should consider it. We conclude that we should not. There's a very clear statement in that case where the Oregon Supreme Court said, ask the question whether we should address it, and states clearly in its opinion, expressly, that it should not address the error. Well, maybe so, but how does that help you? It helps me. Unless you have a clear indication from the State court that it actually considered the constitutional merits. Well, there does not have to be a clear statement that it considered the constitutional question. That, I would submit, Your Honor, flips the inquiry. The – for a finding of procedural default, the State court must state clearly and expressly in its opinion that it denied the claim on State procedural law. That's the clear holding of the Nitschke v. Bolek decision, where the State court did just that in a very terse but nevertheless clear statement that it was relying on a State – earlier State decision that had found no plain error in the State v. Crane case. I would make of Coleman. How does Coleman operate? What Coleman says – Coleman v. Thompson seems to cut that away, though. There's an extensive discussion of Coleman in this Court's decision in Korner v. Griegas, which is cited by the Nitschke court. And what the – this Court – how this Court interprets Coleman is as follows. Coleman limits the Harris presumption to the extent that it is unclear how – whether the State court decision relied on Federal law. So the – simply the Harris presumption does not help in those situations. So the Court then must apply – conduct its own inquiry from whatever contextual clues it has, and here, that's where the Nitschke decision comes into play. The Court said that the State court must clearly and expressly state the basis for its finding on State procedural law before a Federal procedural default will be found. And again, there is just no such statement in this case. That discussion of Coleman, Your Honors, is at page 1052 of the Korner case. And I would just add something from that same page, if I may. The Court says, quote, But if it is impossible for the Federal court to ascertain whether such grounds have been relied upon, the State court decision cannot bar Federal review. But Nitschke says, Nitschke says Federal courts are to presume that there is no independent – it's quoting from Coleman – no independent and adequate State ground when the decision fairly appears to rest primarily in Federal law or to be interwoven with Federal law. But that's the question here, not the answer, isn't it? Well, there's two places in the Court's decision where it supplies the answer. In two separate places in the Nitschke decisions, the Court states that it is finding a procedural default because of the clear and express reliance by the State appellate court on State procedural law. And that is the key distinction between the decision that affirmed in that case and the one that did so here. In Nitschke, it's a question of State law, whether or not there's a procedural default is a question of State law. Well, the finding of procedural default is a Federal determination. Whether or not they've decided to go off on default or to address the merits, that's a question of State law. And here we have State law that says that finding plain error is exceedingly rare, with no indication at all that they've departed from that practice. Well, while it may be rare, I would suggest that there is no qualification of the requirements as set out by the Court in Nitschke, Korner, and in the Zizko v. Idaho decisions also discussed in Nitschke. What did the order of the Oregon court say in Nitschke? It's affirmed and cited an earlier decision, State v. Crane. So there's a pro or a large decision that dealt with default, with State grounds. Right. Not Federal grounds. Not Federal grounds, right. So there was some indication in Nitschke that the Court had relied on State law in reducing crime. Oh, yes. And your position is in the absence of any such indication, we have to apply the Harris presumption? I would say yes, Your Honor, that in the case of Nitschke, there was no indication  And I would point out, too, that in 1989, a 7-member majority of the United States Supreme Court said clearly that States can avoid this ambiguity, avoid this problem entirely by a pro forma line in the decision, similar to what was done in the Nitschke case, by just saying we rely on State procedural default. Could have been easily been done here, given the failure of your client to raise a confrontation objection at trial. Could have been done here and wasn't. There was certainly discussion in the brief that the Crawford issue, was there a discussion in the briefs of the plain error problem? I'm sorry, Your Honor? The briefs to the Oregon court of appeals, was there a discussion of the plain error issue? Oh, yes. Whether plain error should be recognized. In the briefs, yes. And, in fact, notably, Mr. Smith raised three claims, a very clearly preserved State evidentiary ground, a State confrontation issue that was raised as plain error, and the Federal confrontation, Crawford claims. I understand that. What I'm wondering is whether there was a dialogue between the parties about the plain error problem. There was, yes. And the Federal constitutional briefing is in brief. I'm not asking you that. I understand it was Federal constitutional briefing. I'm asking you whether there was a discussion of the procedural problem in the briefs. Yes. So the parties acknowledged the preservation issue. Mr. Smith raised a claim that it was preserved, but that was in the alternative. And if the Court's permission, I'd like to save the remaining time for rebuttal. You actually have negative time, but you can have it all. You're on negative numbers. Okay. We'll give her the State. May it please the Court, Inge Wells for Respondent. I'd like to start by saying that Respondent disagrees with counsel's characterization of the holding in Nitschke. In our view, what Nitschke held was, applying the Harris presumption, the Oregon State court's process for evaluating a claim of plain error was not interwoven with Federal law. Well, but in Nitschke, we do have a side – we have something more than just rejected. In Nitschke, we have rejected. Here's why. That's true. We do. Rejected, see this case, and that case is a State law – rests on State law grounds. So we had an indication from the Oregon court that it wasn't relying on Federal law in rejecting the claim. Here, how can – where's the indication? I think there are several ways that you can arrive at that conclusion. First of all, to answer Judge Berzon's question, yes, in the briefing before the Oregon court of appeals, there was a discussion of preservation and plain error, and in fact, that is the only argument that the State made on this issue in the court of appeals. The State didn't ever brief the merits of the Crawford claim for the court. But isn't the Harris presumption designed to avoid us having to do precisely kind of this kind of detective work that you talk about? You're saying, well, it probably relied on State grounds, because we didn't argue Federal grounds, and there was a good State ground, but that's what Harris is all about, isn't it? It's – you don't look behind a decision that doesn't tell us why. It's very easy for the State court to tell us why, and when they don't, they don't get the kind of deference that they would have gotten had they told us that. No, in fact, I think what Coleman said about the Harris presumption was that it rejected the notion that the State court was obligated to state that specifically. No, just to say – no obligation. I mean, the State court acted perfectly appropriately. The question from our perspective is, do we – do we regard the claim as defaulted or do we treat it on its merits? And if State courts want us to regard it as defaulted, they just have to say so. I would disagree that that is what the Harris presumption requires. I think that what it requires, as Coleman said, is for this Court to determine the scope of the State court's judgment based on its own evaluation of whether what the State court did was interwoven with Federal law. And if you look at the plain error process that has been developed by the Oregon courts, starting with its rule, 5.45, which says that the appellate courts will consider an unpreserved claim only if it's apparent on the face of the record. And then Oregon case law has gone on to say an error is apparent if it is not reasonably in dispute. Isn't – well, let's look at this, the error in this case, the alleged error, and think about cause and prejudice at the same time. The chief witness in this case against the defendant appears to have recounted testimonial hearsay. Pretty good claim if preserved, prejudice if preserved. I mean, I'm not – I'm not deciding the claim, but there's certainly a fair amount of merit to it. Isn't this exactly the kind of case where they – where a responsible court would look at it and see if there was anything to it? When you talk about a court, are you talking about the State court or the Federal court? I'm talking about the State court. In other words, I'm not – I don't know why I should presume that such – a claim that seems to have some substance to it was completely ignored by an appellate court in Oregon just because they said rejected. Because what the State court has to do under Oregon law is look at whether or not that claim is reasonably in dispute. And at the time of the court of appeals decision, all the Oregon court had was Crawford. And the statements in this case by this witness were not akin to the statements  They didn't – But that almost proves the point, because, I mean, one of the problems with the way Judge Hurwitz just presented the situation is that if it was so clear, then why didn't they simply say that he won as opposed to reaching the merits and say that he lost? But you've just presented a possible reason why they might do that. In other words, you have a merits argument for why you could recognize Crawford and he could still lose. I mean, I'm not sure I buy that argument, but you have one. And so all the more so if the argument was at least a serious argument. It wasn't a silly argument. In fact, it prevailed in the – I mean, to me, it seems pretty obvious. And in the Supreme Court, very shortly thereafter, it was made absolutely obvious. So why would the Oregon court think that there was nothing – not enough to or to at least look at it on the merits? Because what the court was doing as part of that plain error procedure was simply looking at whether or not it was reasonably in dispute at that time. And if you sort of jump back to Nitschke and the State v. Crane case that was cited in Nitschke as the basis for the denial of plain error review. And if it decided that, I think – if it did that, i.e., decided that it was reasonably disputed at that time and therefore were not going to exercise plain error, is that an independent state grant? Yes. It's not very independent. Because the act of sort of categorizing that claim as reasonably in dispute or not reasonably in dispute isn't the same thing as actually applying the holding in Crawford to the claim. It's just the case. It seems to be exactly applying the holding of Crawford to the claim. I would disagree, because it's not deciding – it's not taking Crawford and saying, we are going to decide, yes, Crawford applies or no, Crawford doesn't apply. It's simply looking at it only so far as to say reasonable minds could disagree about this. It's not plain, and because it's not plain error, we're not going to reach it. But isn't – in your position, that's not a merits determination? Correct. Let me ask you a question, then. Does anything remain of Harris in Oregon under your position? In other words, you say when an – when there is an arguable procedural default and the Oregon court simply says rejected, we should assume that it rejected it on procedural grounds. Isn't that exactly the opposite of what Harris says? On – Is there any case? There are – there are many, many ways that a claim can be defaulted, but if you're talking about – Let's take – let's take – just so I may make my question clear. Let's take an order from an Oregon court which simply says, as this one does, your merits claim – your claims attacking your conviction are rejected. And let's assume there's an arguable procedural default. In every such case, according to your position, are we to assume that the Oregon court made its decision on the basis of the procedural default? Yes. State law? So that Harris – so that there is no Harris anymore in Oregon? Well, in – in the context of a failure to preserve a claim and a request for plain error review, if there is an opinion that says nothing, essentially, that, yes, it would be the State's position that that plain error review process is not a decision on the merits. So that Harris, in cases where there's an argument that somebody has not preserved a claim at trial, no longer applies in Oregon. Could you repeat that, please? Sure. The argument – the argument is that the defendant has failed to preserve a claim at trial. Therefore, review on appeal would be for plain error. If the Oregon court simply says rejected, then in every case we are – we are to assume that the court of appeals turned down the case on the basis of the procedural issue. Unless there is something in the opinion that would suggest to the contrary, yes. So Harris – Harris says, as I read it, unless they say they didn't do it on procedural grounds, we should assume they did it on the merits. And you're saying in Oregon we ought to assume the opposite. No. I think what Coleman says – Well, no, just – I mean, you may – that may be the law, but just – I think you can answer my question. You're saying we should assume in every case in which there is a ground for procedural default by not preserving an issue at trial, when the Oregon court of appeals says simply rejected, we are to assume that it rejected it on the procedural grounds. Yes. Because Nitschke held that that plain error analysis that the Oregon State court must go through is not interwoven with Federal law. Thank you. Thank you. We are out of time. Would you like a minute for rebuttal? First, Your Honor, just to make one statement about Harris, the Oregon – the State of Oregon cannot interpret away its applicability in cases such as this. In fact, Harris is very much alive. The Supreme Court most recently cited it approvingly in Harrington v. Richter. And this Court, in fact, has referred to it as the seminal case of the Supreme Court's decision guiding Federal courts in their determinations of whether or not an ambiguous order was based on Federal or State procedural law. So the decision is very much alive. I perhaps – I just want to say one final point. I think Nitschke is the controlling precedent on which Mr. Smith's position prevails. But I would also – Can you tell me what sentence or paragraph in Nitschke you're relying on particularly? Your Honor, I would submit it's the two quotations that we have cited in our brief in the discussion. I don't have the page number at my fingertips, but in both of those passages in which I quote in my brief, I point out that the State – I'm sorry – that this Court held that because there was an express and clear statement in the State appellate court that it was relying on State procedural law, the claim was defaulted. And it's those particular provisions, Your Honor, I've also cited it in my reply brief. One other question is, the second State court, court of appeals judgment, cites two cases. What are those two cases? Those deal with the plain error issue in the Blakeley claim on sentencing. I see. Do you have any negative inference from that? And, in fact, that is on all fours for the sentencing claim with the Nitschke decision. And I didn't cite anything like that with regard to the other claim. With regard to this distinct sentencing claim. And there's just no such statement or case citation or indication as there – as there is with this – the ambiguous part of the Court's order. Okay. Thank you. The case is argued and sentenced.
judges: Kozinski, Berzon, Hurwitz